UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRADFORD SKINNER                                     CIVIL ACTION

VERSUS

                                                     NO. 20-595-SDD-SDJ

SID J GAUTREAUX, et al.

# ORDER

Before the Court are a Motion to Stay Discovery (R. Doc. 15) ("Motion to Stay"), filed by Defendants Sheriff Sid J. Gautreaux, in his individual and official capacity, DeMarcus Braxton, and Rudolph Hyde (collectively, "Sheriff Defendants"), and a Joint Motion to Stay Discovery and Postpone Scheduling Conference Pending Preliminary Motion ("Joint Motion") (R. Doc. 16), filed by Plaintiff, Defendant Louisiana Workforce, LLC, and the Sheriff Defendants. In their Motion to Stay, the Sheriff Defendants are requesting a temporary stay of discovery until the Court rules on Defendants' pending Motion to Dismiss (R. Doc. 14).[1] In their Joint Motion, all Parties similarly are requesting a stay of discovery pending resolution of the Motion to Dismiss.[2] They also are requesting that the Scheduling Conference, currently set for December 3, 2020, be postponed until after resolution of the Motion to Dismiss as well.[3]

For the reasons set forth below, the Sheriff Defendants' Motion to Stay (R. Doc. 15) is granted. Any discovery as to the Sheriff Defendants is stayed pending resolution of the pending Motion to Dismiss (R. Doc. 14). If the Sheriff Defendants' Motion to Dismiss does not resolve all of Plaintiff's claims against them, full discovery as to the Sheriff Defendants may commence upon resolution of the Motion to Dismiss. In addition, the Joint Motion filed by all Parties is

---

[1] R. Doc. 15 at 1.
[2] R. Doc. 16 at 1.
[3] *Id.*

granted in part. To the extent it seeks to postpone the December 3, 2020 Scheduling Conference and to allow written discovery to proceed between Plaintiff and defendant Louisiana Workforce, LLC, it is granted. In all other respects, it is denied as moot in light of this Court's grant of the Sheriff Defendants' Motion to Stay.

## I. BACKGROUND

Plaintiff initiated this suit against Defendants, Louisiana Workforce, LLC, Sheriff Sid J. Gautreaux, in his individual and official capacity, DeMarcus Braxton, Rudolph Hyde, and Luther Martin,[4] on September 9, 2020, bringing causes of action for use of excessive force in violation of the Fourth and/or Eighth Amendments to the United States Constitution, violation of Article 1, Section 5 of the Louisiana Constitution, as well as assault and battery against all Defendants.[5] Plaintiff additionally brings causes of action for "*Monell* and failure to train and supervise" in violation of 42 U.S.C. § 1983 as well as for vicarious liability against Defendants Sid J. Gautreaux and Louisiana Workforce, LLC, only.[6]

Plaintiff is an inmate with the Louisiana Department of Public Safety and Corrections, serving a sentence "for non-violent drug crimes" and being housed in an East Baton Rouge Parish Work Release facility operated by Defendant Louisiana Workforce, LLC.[7] According to Plaintiff's Amended Complaint, on April 3, 2020, Plaintiff began having chest pains and trouble breathing.[8] He reported these symptoms to a warden at his facility and asked to see a doctor, concerned he had contracted COVID-19.[9] Plaintiff did not receive medical treatment.[10] The

---

[4] In his initial Complaint, Luther Martin was designated as a John Doe defendant. However, in Plaintiff's recently-filed First Amended Complaint, Luther Martin is listed as a named defendant, replacing John Doe. R. Doc. 19.
[5] R. Doc. 19 at 11-13 ¶¶ 55-70.
[6] *Id.* at 13-14 ¶¶ 71-82.
[7] *Id*. at 3, 4, ¶¶ 19, 21-22.
[8] *Id.* at 5 ¶ 29.
[9] *Id.*
[10] *Id.* at 5 ¶ 30.

following day, April 4, 2020, Plaintiff continued to experience "symptoms of illness."[11] Plaintiff again reported his symptoms, including to Defendant Martin, a captain at the work release facility, and requested medical attention.[12] Plaintiff claims that shortly thereafter, Defendants Braxton and Hyde arrived on the scene.[13] While continuing his requests for medical assistance, Plaintiff allegedly was placed in handcuffs, sprayed in the face with mace, and choked.[14]

On November 10, 2020, in response to Plaintiff's Complaint, the Sheriff Defendants filed the instant Motion to Stay (R. Doc. 15) in light of their pending Motion to Dismiss (R. Doc. 14), filed the same day. All Parties subsequently filed the instant Joint Motion (R. Doc. 16) on November 12, 2020, all supporting the request of a stay of discovery for the Sheriff Defendants and seeking a postponement of the upcoming Scheduling Conference. The Sheriff Defendants' request for a stay is based on their assertion in their Motion to Dismiss of the defense of qualified immunity.[15]

## II.     LAW AND ANALYSIS

Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

---

[11] *Id.* at 5 ¶ 31.
[12] *Id.* at 5 ¶¶ 31-32.
[13] *Id.* at 5 ¶ 33.
[14] *Id.* at 5-6 ¶¶ 34-39.
[15] R Doc. 15-1 at 2; R. Doc. 16 at 1-2 ¶ II.

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

Discovery on the issue of qualified immunity "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *see also Harlow*, 457 U.S. at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed."). This heightened pleading standard requires the plaintiff "to allege the particular facts forming the basis of his claim, including those preventing [the individual defendant] from successfully maintaining a qualified immunity defense." *Wicks*, 41 F.3d at 994-95. "To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the individual defendant] violated clearly established statutory or constitutional rights." *Id.* at 995.

The Court has considered the position of each party, recognizing that all Parties support a stay in this case with regard to discovery from the Sheriff Defendants, and finds that the Sheriff

Defendants are entitled to the relief requested. The Sheriff Defendants' pending Motion to Dismiss (R. Doc. 14) raises varying issues including the sufficiency of the pleadings to overcome the defense of qualified immunity. This motion could be dispositive of the claims against those Defendants. In addition, with respect to a defense of qualified immunity, a stay of discovery is likely required until the Court finds that the Plaintiff's pleadings are sufficient to overcome such a defense. Accordingly, the Court finds that discovery as to the Sheriff Defendants be stayed until their pending Motion to Dismiss is resolved.

### III. CONCLUSION

Based on the foregoing, the Court concludes that a temporary stay of discovery against the Sheriff Defendants in this action is warranted in light of their asserted qualified immunity defense. Therefore,

**IT IS ORDERED** that the Sheriff Defendants' Motion to Stay Discovery (R. Doc. 15) is **GRANTED**. Discovery as to Defendants Sheriff Sid J. Gautreaux, in his individual and official capacity, DeMarcus Braxton, and Rudolph Hyde in this proceeding is hereby stayed pending a Ruling by the assigned District Judge on their pending Motion to Dismiss (R. Doc. 14).

**IT IS FURTHER ORDERED** that upon a Ruling by the assigned District Judge on the Sheriff Defendants' pending Motion to Dismiss (R. Doc. 14), the parties are authorized to re-commence discovery without any further Order from the Court, if any claims against Defendants Sheriff Sid J. Gautreaux, in his individual and official capacity, DeMarcus Braxton, and/or Rudolph Hyde remain.

**IT IS FURTHER ORDERED** that the Joint Motion to Stay Discovery and Postpone Scheduling Conference Pending Preliminary Motion (R. Doc. 16) is **GRANTED IN PART**. The Scheduling Conference currently scheduled for December 3, 2020, is postponed. Upon resolution

of the pending Motion to Dismiss (R. Doc. 14), the Parties are instructed to contact the Court with available dates for resetting the Scheduling Conference. Written discovery between Plaintiff and defendant Louisiana Workforce, LLC, may continue. In all other respects, the Joint Motion to Stay Discovery and Postpone Scheduling Conference Pending Preliminary Motion (R. Doc. 16) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on November 30, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**