UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADFORD SKINNER,** | **CIVIL ACTION: 20-cv-595** |
| **VERSUS** | **JUDGE SHELLY D. DICK** |
| **LOUISIANA WORKFORCE, L.L.C. et al** | **MAGISTRATE JUDGE SCOTT D. JOHNSON** |

### SUPPLEMENTAL REPLY MEMORANDUM TO PLAINTIFF'S SUPPLEMENT TO OPPOSITION TO MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendants, Sheriff Sid J. Gautreaux, III, in his individual and official capacity as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"), DeMarcus Braxton, and Rudolph Hyde (collectively "Sheriff Defendants") file this Supplemental Reply Memorandum to Plaintiff's Supplement to Opposition to Motion to Dismiss to briefly address the new arguments made by Plaintiff.

Plaintiff filed a Supplement to Opposition to Motion to Dismiss to bring to this Court's attention the Fourth Circuit's decision in *Dean v. Jones,* No. 18-7227 (4th Cir. Jan. 4, 2021), which Plaintiff claims is on point to the issue of the application of the Eighth Amendment excessive forces standard to force used *after* an inmate is subdued.[1] However, Plaintiff alleges facts that show that he was not subdued or compliant when the alleged use of force occurred in this case. Therefore, *Dean* is not on point.

In *Dean,* like in this case, there were two alleged uses of force against a prison inmate. The Court in Dean explained "[i]n the first, according to Dean, after he head-butted an officer escorting him to his cell, the officer retaliated by pepper-spraying his face while he was subdued and lying

---

[1] Rec. Doc. 34 page 1

on his back in handcuffs. And soon afterwards, Dean attests, a second officer responded to a second-head-butt by pushing Dean into a closet where multiple officers kicked and punched him while he lay on the ground with his hands cuffed behind him."[2] Based upon these facts, the Court in *Dean* reversed the trial court's grant of summary judgment to defendants reasoning that "officers may not use gratuitous force against a prisoner who has already been subdued…[or] incapacitated."[3]

With respect to the first incident, the use of pepper spray, the Court in *Dean* held, "[v]iewing the record facts in light most favorable to Dean, a reasonable jury could find he was pepper-sprayed only after any threat to safety had passed, and from that, infer an impermissible retaliatory motive under *Whitley*."[4]  The Court in *Dean* contrasted the facts therein to the facts in *Gray v. Peed,* 195 F. 3d 692 (4th Cir. 1999) where "the plaintiff's own account established that force was used in order to subdue him."[5]

In this case, the first alleged use of force was the use of pepper spray by Corporal Braxton on Plaintiff in order to subdue him when he refused to stand up and began coughing and spitting on the deputies while threatening to give them COVID-19. The Disciplinary Report shows that Plaintiff told the guards that he needed to go to the hospital related to Covid-19. Lt. Hyde advised Skinner that he needed to stand up and walk to the Unit so a nurse at the Prison could assess him to determine if he needed to be transported to a hospital.  The report provides that Skinner refused and began to cough and spit at Corporal Braxton and Lt. Hyde, stating "back up or I [am] going to give you Corona!"  Corporal Braxton gave Skinner several verbal orders to stop spitting and

---

[2] *Dean* at page 3 Rec. Doc. 34-1
[3] *Dean* at page 15 (citation omitted) Rec. Doc. 34-1
[4] *Dean* at pages 15-16 Rec. Doc. 34-1
[5] *Dean* at page 16 footnote 5 Rec. Doc. 34-1

coughing towards them. The report provides that Skinner refused and continued to spit and cough towards them. The report provides that Corporal Braxton administered a one to two second burst of subject control spray to the facial area of Skinner and that Skinner complied and stopped spitting and coughing towards them.[6] In this case, unlike in *Dean,* the use of pepper spray was used in order to subdue Plaintiff and *not* after he was subdued.

The second alleged use of force in this case took place when the deputies attempted to get Plaintiff to stand and put leg shackles on him so he could be transported next door to the East Baton Rouge Parish Prison. Plaintiff alleges that defendant deputies pushed him up against the railing as they placed leg shackles on him.[7] However, Plaintiff's allegations show that during this incident he was not subdued or compliant. Plaintiff admits that he exercised "passive resistance."[8] According to the Disciplinary Report, after the use of pepper spray and Plaintiff stopped spitting and coughing on the deputies, Defendant Braxton ordered Plaintiff to stand up and he refused.[9] The alleged use of force in this case during the second incident, unlike in *Dean,* was used in order to subdue Plaintiff to get him to stand up and to place leg shackles on him and *not* after he was subdued and compliant. The alleged use of force in this case, unlike in *Dean* was *not* gratuitous use of force after the plaintiff/inmate was subdued and compliant. Therefore, in this case, there is no inference of an impermissible retaliatory motive under *Whitley.* Therefore, *Dean* does not support Plaintiff's opposition to the Sheriff Defendants' motion to dismiss and their motion to dismiss should be granted.

---

[6] Rec. Doc. 22-4 Ex. 1 Disciplinary Report
[7] Rec. Doc. 17-2 paragraph 41
[8] Rec. Doc. 17-2 paragraphs 6, 60, 61, 62
[9] Rec. Doc. 22-4 Ex. 1 Disciplinary Report

Respectfully submitted:

**ERLINGSON BANKS, PLLC**

*s/ Catherine S. St. Pierre*
MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021 a copy of the foregoing Supplemental Reply Memorandum to Plaintiff's Supplement to Opposition to Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

Baton Rouge, Louisiana, this 1st day of February 2021.

/s/ *Catherine St. Pierre*
Catherine S. St. Pierre