**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRADFORD SKINNER,**<br>**Plaintiff**<br><br>**VERSUS**<br><br>**SID J. GAUTREAUX, ET AL**<br>**Defendants** | **NO. 20-CV-595-SDD-SDJ**<br><br>**SECTION:**<br><br>**JUDGE SHELLY D. DICK**<br><br>**MAGISTRATE JUDGE**<br>**SCOTT D. JOHNSON** |

## ANSWER AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, come Defendants, Louisiana Workforce, L.L.C., and Luther Martin, who for Answer to Plaintiff's Second Amended Complaint, respectfully aver as follows:

I.

### FIRST AFFIRMATIVE DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of this case.

II.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

III.

### THIRD AFFIRMATIVE DEFENSE

Defendants specifically plead the affirmative defense of comparative legal fault, including, but not limited to, the intentional and criminal wrongdoing of Plaintiff, as well as the defense of comparative negligence on the part of Plaintiff.

IV.

## FOURTH AFFIRMATIVE DEFENSE

Defendants specifically plead any and all immunities, including La. R.S. §9:2798.1, qualified immunity and limitations of suits afforded them by statute, including, but not limited to La. R.S. §15:1171, *et seq.,* La. R.S. §15:1181, *et seq.,* 42 U.S.C. §1997(e), in addition to those immunities afforded by jurisprudence or otherwise by law. Defendants further show that they are entitled to and protected by the qualified immunity afforded to officials for acts committed during the course and scope of their official duties, and further specifically pleas all "good faith" immunities available to them

V.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to and hereby invokes, both collectively and individually, all relevant and applicable provisions of the Louisiana Governmental Claims Act (La. R.S. §13:5101, *et seq.*), specifically including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitation of liability, costs, and interest available under the law.

VI.

## SIXTH AFFIRMATIVE DEFENSE

The allegations of Plaintiff, even if proven, do not show the deprivation of a protected state or federal constitutional right.

2

VII.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff's damages, if any, were caused or contributed to by the fault of a parties and non-parties over whom Defendants exercised no authority, jurisdiction, or control, and for whose actions and/or conduct Defendants are not legally responsible.

VIII.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable on a *respondeat superior* basis as a result of the allegations in Plaintiff's Complaint.

IX.

## NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that plaintiff has no cause of action under the principles announced in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 338 (1994).

**AND NOW,** for Answer to Plaintiff's allegations, Defendants aver as follows:

X.

Defendants deny the allegations of paragraphs 1 through 10.

XI.

Defendants admit the allegations of paragraph 11 as they relate to venue.

XII.

Defendants deny the allegations of paragraph 12 except to admit that Plaintiff was an incarcerated inmate at all relevant times.

XIII.

The allegations of paragraphs 13 through 17 are denied except to admit Defendants' status as named parties.

XIV.

Defendants deny the allegations of paragraph 18 except where admitted in response to specific paragraphs.

XV.

Defendants deny the allegations of paragraph 19 except to admit that Plaintiff was a convicted inmate with the Louisiana Department of Public Safety and Corrections at all relevant times.

XVI.

Defendants deny the allegations of paragraph 20 for lack of sufficient information to justify a belief therein.

XVII.

Defendants deny the allegations of paragraph 21 except to admit Louisiana Workforce, L.L.C., operates work release facilities in Louisiana.

XVIII.

The allegations of paragraphs 22 and 23 are admitted.

XIX.

Defendants deny the allegations of paragraphs 24 through 27 for lack of sufficient information to justify a belief therein.

XX.

Defendants deny the allegations of paragraph 28 as written.

XXI.

Defendants deny the allegations of paragraphs 29 through 51 and, in particular, all implications of wrongdoing or liability by responding defendants.

XXII.

Defendants deny the allegations of paragraphs 52 through 54 for lack of sufficient information to justify a belief therein.

XXIII.

Defendants deny the allegations of paragraph 55.

XXIV.

Defendants deny the allegations of paragraph 56 except where admitted in response to specific paragraphs.

XXV.

The allegations of paragraph 57 state a legal conclusion requiring no response. Out of an abundance of caution, Defendants deny the allegations of paragraph 57 as written.

XXVI.

Defendants deny the allegations of 58 through 66.

XXVII.

The allegations of paragraph 67 are mere statements of law requiring no response. Out of an abundance of caution, Defendants deny the allegations of paragraph 67 as written.

XXVIII.

Defendants deny the allegations of paragraph 68.

XXIX.

Defendants deny the allegations of paragraph 69 except where admitted in response to specific paragraphs.

XXX.

Defendants deny the allegations of paragraph 70.

XXXI.

Defendants deny the allegations of paragraph 71 except where admitted in response to specific paragraphs.

XXXII.

Defendants deny the allegations of paragraph 72 through 74.

XXXIII.

Defendants deny the allegations of paragraph 75 except where admitted in response to specific paragraphs.

### XXXIV.

The allegations of paragraphs 76 through 78 state legal conclusions requiring no response. Out of an abundance of caution, Defendants deny the allegations of paragraphs 76 through 78 as written.

### XXXV.

Defendants deny the allegations of paragraphs 79 through 81.

### XXXVI.

Defendants deny the allegations of paragraph 82 except where admitted in response to specific paragraphs.

### XXXVII.

Defendants deny the allegations of paragraphs 83 through 87, including all subparts.

### XXXVIII.

### **REQUEST FOR TRIAL BY JURY**

Defendants renew their request for trial by jury as to parties and all issues herein.

**WHEREFORE**, Defendants, Louisiana Workforce, L.L.C., and Luther Martin, pray that after all due proceedings have been had, there be judgment rendered herein in favor of Defendants dismissing Plaintiff's case at his costs and for all general and equitable relief to which he may be entitled to under law and equity. Defendants further pray for trial by jury as to all parties and on all issues herein.

Respectfully submitted,

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY:  /s/ RYAN G. DAVIS
        **RYAN G. DAVIS (29138)**
        **CHANDLER D. MCCOY (38831)**
        2250 7th Street
        Mandeville, LA  70471
        (985) 624-5010/Fax (985) 624-5306

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, a copy of the foregoing Pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to William Most, Esq., and Catherine St. Pierre, Esq., by operation of the court's electronic filing system.

/s/ RYAN G. DAVIS