## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADFORD SKINNER,** | **CIVIL ACTION: 20-cv-595** |
| **VERSUS** | **JUDGE SHELLY D. DICK** |
| **LOUISIANA WORKFORCE, L.L.C.; SID J. GAUTREAUX, in his individual and official capacity; DEMARCUS BRAXTON; RUDOLPH HYDE; JOHN DOE** | **MAGISTRATE JUDGE SCOTT D. JOHNSON** |

## ANSWER TO SECOND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come defendants, Sheriff Sid J. Gautreaux, III, in his individual and official capacity as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"), and DeMarcus Braxton ("Sheriff Defendants")[1] who in answer to the Second Amended Complaint, deny each and every allegation contained therein, except those specifically admitted, and further answering the allegations contained in the Second Amended Complaint respond as follows:

### AFFIRMATIVE DEFENSES

Sheriff Defendants specifically plead the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has incurred no actual damages and/or is not entitled to recover statutory damages.

---

[1] The Court dismissed all claims against Rudolph Hyde with prejudice. See Rec. 52

**THIRD AFFIRMATIVE DEFENSE**

Any damages that Plaintiff may have incurred are as a result of acts or omissions of parties other than the Sheriff Defendants and the Sheriff Defendants are not legally responsible.

**FOURTH AFFIRMATIVE DEFENSE**

It is specifically averred that Plaintiff failed to mitigate and/or prevent all the alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

It is specifically averred that Plaintiff has no cause of action against Sheriff Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

It is affirmatively pled that Sheriff Defendants did nothing to constitute a violation of any federal of state law.

**SEVENTH AFFIRMATIVE DEFENSE**

Sheriff Defendants' actions were reasonable, taken in good faith, and for legitimate purposes.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times pertinent hereto, Sheriff Defendants acted in good faith while in the performance of their official duties and are entitled to qualified immunity and/or privilege pursuant to any applicable State and/or Federal law.

**NINTH AFFIRMATIVE DEFENSE**

Sheriff Defendants plead the statutory limitations provided in La. R.S. 13:5106.

## TENTH AFFIRMATIVE DEFENSE

Sheriff Defendants affirmatively plead that Plaintiff has no cause of action under the principles announced in *Heck v. Humphrey,* 512 U.S. 477, 113 S. Ct. 2364, 129 L. Ed. 2d 338 (1994).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to exhaust available administrative remedies prior to filing suit.

**Sheriff Defendants request a trial by jury as to parties and all issues herein.**

**AND NOW,** for Answer to Plaintiff's allegations, Sheriff Defendants aver as follows:

1.

The allegation in Paragraph 1 does not require a response. To the extent that a response is required, the allegation is denied.

2.

The allegations in Paragraph 2 are denied.

3.

The allegations in Paragraph 3 are denied.

4.

The allegations in Paragraph 4 are denied for lack of information sufficient to justify a belief therein.

5.

The allegations in Paragraph 5 are denied for lack of information sufficient to justify a belief therein except Sheriff Defendants admit that on April 4, 2020, two deputies from the East Baton Rouge Parish Prison were called over to and went to the Work Release Facility.

6.

The allegations in paragraph 6 are denied.

7.

The allegations in paragraph 7 are denied.

8.

The allegation in Paragraph 8 does not require a response. To the extent that a response is required, the allegation is denied.

9.

The allegations in Paragraph 9 are denied.

10.

Sheriff Defendants deny the allegations in Paragraph 10 except as they relate to this Court having jurisdiction over this suit.

11.

Sheriff Defendants admit the allegations in Paragraph 11 as they relate to venue.

12.

The allegations in Paragraph 12 are denied for lack of information sufficient to justify a belief therein except Sheriff Defendants admit that Plaintiff was an incarcerated inmate at all relevant times.

13.

The allegations in Paragraph 13 are denied except that it is admitted that Sid J. Gautreaux III is the Sheriff of East Baton Rouge Parish.

14.

The allegations in Paragraph 14 are denied for lack of information sufficient to justify a belief therein.

15.

The allegations in Paragraph 15 are denied except that it is admitted that Demarcus Braxton was an officer of the East Baton Rouge Parish Sheriff's Office.

16.

The allegations in Paragraph 16 are denied except that it is admitted that Randolph Hyde was an officer of the East Baton Rouge Parish Sheriff's Office.

17.

The allegations in Paragraph 17 are denied for lack of information sufficient to justify a belief therein except that it is denied that Defendant Martin participated in the unlawful use of force against Mr. Skinner and was captured on video participating in choking Mr. Skinner.

18.

Sheriff Defendants deny the allegations of Paragraph 18 except where admitted in response to specific paragraphs.

19.

The allegations in Paragraph 19 are denied for lack of information sufficient to justify a belief therein

20.

The allegations in Paragraph 20 are denied as written.

21.

The allegations in Paragraph 21 are denied for lack of information sufficient to justify a belief therein

22.

The allegations in Paragraph 22 are admitted.

23.

The allegations of Paragraph 23 are denied for lack of information sufficient to justify a belief therein.

24.

The allegations of Paragraph 24 are denied for lack of information sufficient to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of information sufficient to justify a belief therein.

26.

The allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 are denied as written.

28.

The allegations of Paragraph 28 are denied as written.

29.

The allegations of Paragraph 29 are denied for lack of information sufficient to justify a belief therein.

30.

The allegations of Paragraph 30 are denied for lack of information sufficient to justify a belief therein.

31.

The allegations of Paragraph 31 are denied for lack of information sufficient to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of information sufficient to justify a belief therein.

33.

The allegations of Paragraph 33 are denied for lack of information sufficient to justify a belief therein except that it is admitted that Demarcus Braxton and Randolph Hyde went to the Work Release Facility on April 4, 2020.

34.

The allegations of Paragraph 34 are denied for lack of information sufficient to justify a belief therein.

35.

The allegations of Paragraph 35 are denied as written.

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied as written.

38.

The allegations of Paragraph 38 are denied as written.

39.

The allegations of Paragraph 39 are denied except that is it admitted that some of the events at issue occurred in view of other inmates at the Work Release Facility and that at some point an individual present began filming the event at issue.

40.

The allegations of Paragraph 40 are denied.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 are denied.

48.

The allegations of Paragraph 48 are denied.

49.

The allegations of Paragraph 49 are denied as written.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

The allegations of Paragraph 52 are admitted.

53.

The allegations of Paragraph 53 are denied as to the date of the hearing, which is not clear from the Disciplinary Report, and admitted as to the fact that Mr. Skinner pled not guilty according to the Disciplinary Report.

54.

The allegations of Paragraph 54 are denied as written and denied for lack of sufficient information to justify a belief therein as to the Louisiana Department of Public Safety and Corrections.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied except where admitted in response to specific paragraphs.

57.

The allegations of Paragraph 57 state a legal conclusion requiring no response.  Out of an abundance of caution, Defendants deny the allegations of Paragraph 57 as written.

58.

The allegations of Paragraph 58 are denied.

59.

The allegations of Paragraph 59 are denied as written.

60.

The allegations of Paragraph 60 are denied.

61.

The allegations of Paragraph 61 are denied.

62.

The allegations of Paragraph 62 are denied.

63.

The allegations of Paragraph 63 are denied.

64.

The allegations of Paragraph 64 are denied.

65.

The allegations of Paragraph 65 are denied.

66.

The allegations of Paragraph 66 are denied.

67.

The allegations of Paragraph 67 state a legal conclusion requiring no response. Out of an abundance of caution, Defendants deny the allegations of Paragraph 67 as written.

68.

The allegations of Paragraph 68 are denied.

69.

The allegations of Paragraph 69 are denied except where admitted in response to specific paragraphs.

70.

The allegations of Paragraph 70 are denied.

71.

The allegations of Paragraph 71 are denied except where admitted in response to specific paragraphs.

72.

The allegations of Paragraph 72 are denied.

73.

The allegations of Paragraph 73 are denied.

74.

The allegations of Paragraph 74 are denied.

75.

The allegations of Paragraph 75 are denied except where admitted in response to specific paragraphs.

76.

The allegations of Paragraph 76 state a legal conclusion requiring no response. Out of an abundance of caution, Defendants deny the allegations of Paragraph 76 as written.

77.

The allegations of Paragraph 77 state a legal conclusion requiring no response. Out of an abundance of caution, Defendants deny the allegations of Paragraph 77 as written.

78.

The allegations of Paragraph 78 state a legal conclusion requiring no response. Out of an abundance of caution, Defendants deny the allegations of Paragraph 78 as written.

79.

The allegations of Paragraph 79 are denied.

80.

The allegations of Paragraph 80 are denied.

81.

The allegations of Paragraph 81 are denied.

82.

The allegations of Paragraph 82 are denied except where admitted in response to specific paragraphs.

83.

The allegations of Paragraph 83 are denied.

84.

The allegations of Paragraph 84 are denied.

85.

The allegations of Paragraph 85 are denied.

86.

The allegations of Paragraph 86 are denied.

87.

The allegations of Paragraph 87, including all subparts is denied.

**WHEREFORE**, Sheriff Defendants pray that this Answer be deemed good and sufficient, that there be a trial by jury, and that after due proceedings are had there be judgment in favor of Sheriff Defendants, dismissing the demands of Plaintiff with prejudice at Plaintiff's costs and for all general and equitable relief to which he may be entitled to under law and equity.

Respectfully submitted:

**ERLINGSON BANKS, PLLC**

_s/ Catherine S. St. Pierre_
MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of April 2022, a copy of the foregoing Answer to Second Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of filing will be sent by operation of the court's electronic filing system to all counsel of record.

_s/ Catherine S. St. Pierre_
Catherine S. St. Pierre