# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives of the United States, that the attached reproduction(s) is a true and correct copy of documents in his custody.

| SIGNATURE | |
|---|---|
| *[signature]* | |
| NAME | DATE |
| DENNIS MICHAEL EDELIN | 8/19/22 |
| TITLE | |
| CHIEF, ARCHIVES 1 RESEARCH ROOM | |
| NAME AND ADDRESS OF DEPOSITORY | |
| National Archives and Records Administration 700 Pennsylvania Avenue, NW Washington, DC 20408 | |

NA FORM 14007 (10-86)

---

...any law, statute, ordinance, regulation, custom, or usage, of any State, shall subject, or cause to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress; such proceeding to be prosecuted in the several district or circuit courts of the United States, with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts, under the provisions of the act of the ninth of April, eighteen hundred and sixty-six, entitled "An act to protect all persons in the United States in their civil rights, and to furnish the means of their vindication," and the other remedial laws of the United States which are in their nature applicable in such cases.

Sec. 2. That if two or more persons within any State or Territory of the United States shall conspire together to overthrow, or to put down, or to destroy by force the Government of the United States, or to levy war against the United States, or to oppose by force the authority of the Government of the United States, or by force,

H.R. 320

Forty-second

# Congress of the United States, At the First Session,

Begun and held at the CITY OF WASHINGTON, in the DISTRICT OF COLUMBIA, on Saturday the Fourth day of March, eighteen hundred and Seventy-one.

## AN ACT to enforce the provisions of the fourteenth amendment to the Constitution of the United States, and for other purposes.

Be it Enacted, by the Senate and House of Representatives of the United States of America in Congress assembled, That any person who, under color of any law, statute, ordinance, regulation, custom, or usage, of any State, shall subject, or cause to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress; such proceeding to be prosecuted in the several district or circuit courts of the United States, with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts, under the provisions of the act of the ninth of April, eighteen hundred and sixty-six, entitled "An act to protect all persons in the United States in their civil rights, and to furnish the means of their vindication," and the other remedial laws of the United States which are in their nature applicable in such case.

Sec. 2. That if two or more persons within any State or Territory of the United States shall conspire together to overthrow, or to put down, or to destroy by force the Government of the United States, or to levy war against the United States, or to oppose by force the authority of the Government of the United States, or by force

intimidation, or threat to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof, or by force, intimidation, or threat to prevent any person from accepting or holding any office or trust or place of confidence under the United States, or from discharging the duties thereof, or by force, intimidation, or threat to induce any officer of the United States to leave any State, district, or place where his duties as such officer might lawfully be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or to injure his person while engaged in the lawful discharge of the duties of his office, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duty, or by force, intimidation, or threat to deter any party or witness in any court of the United States from attending such court, or from testifying in any matter pending in such court fully, freely, and truthfully, or to injure any such party or witness in his person or property on account of his having so attended or testified, or by force, intimidation, or threat to influence the verdict, presentment, or indictment of any juror or grand juror in any court of the United States, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or on account of his being or having been such juror, or shall conspire together, or go in disguise upon the public highway, or upon the premises of another for the purpose, either directly or indirectly, of depriving any person or any class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State from giving or securing to all persons within such State the equal protection of the laws, or shall conspire together for the purpose of in any manner impeding, hindering, obstructing, or defeating the due course of justice in any State or Territory, with intent to deny to any citizen of the United States the due and equal protection of the laws,

or to injure any person in his person or his property for lawfully enforcing the right of any person or class of persons to the equal protection of the laws, or by force, intimidation, or threat to prevent any citizen of the United States lawfully entitled to vote from giving his support or advocacy in a lawful manner towards or in favor of the election of any lawfully qualified person as an elector of President or Vice President of the United States, or as a member of the Congress of the United States, or to injure any such citizen in his person or property on account of such support or advocacy, each and every person so offending shall be deemed guilty of a high crime, and, upon conviction thereof in any district or circuit court of the United States or district or supreme court of any Territory of the United States having jurisdiction of similar offenses, shall be punished by a fine not less than five hundred nor more than five thousand dollars, or by imprisonment, with or without hard labor, as the court may determine, for a period of not less than six months nor more than six years, as the court may determine, or by both such fine and imprisonment as the court shall determine. And if any one or more persons engaged in any such conspiracy, shall do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby any person shall be injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the person so injured or deprived of such rights and privileges may have and maintain an action for the recovery of damages occasioned by such injury or deprivation of rights and privileges against any one or more of the

persons engaged in such conspiracy, such action to be prosecuted in the proper district or circuit court of the United States, with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts under the provisions of the act of April ninth, eighteen hundred and sixty six, entitled "An act to protect all persons in the United States in their civil rights, and to furnish the means of their vindication."

Sec. 3. That in all cases where insurrection, domestic violence, unlawful combinations, or conspiracies in any State shall so obstruct or hinder the execution of the laws thereof and of the United States, as to deprive any portion or class of the people of such State of any of the rights, privileges, or immunities or protection named in the Constitution and secured by this act and the constituted authorities of such State shall either be unable to protect, or shall, from any cause, fail in or refuse protection of the people in such rights, such facts shall be deemed a denial by such State of the equal protection of the laws to which they are entitled under the Constitution of the United States; and in all such cases or whenever any such insurrection, violence, unlawful combination, or conspiracy, shall oppose or obstruct the laws of the United States or the due execution thereof, or impede or obstruct the due course of justice under the same, it shall be lawful for the President, and it shall be his duty, to take such measures, by the employment of the militia or the land and naval forces of the United States, or of either, or by other means as he may deem necessary for the suppression of such insurrection, domestic violence, or combinations; and any person who shall be arrested under the provisions of this and the preceding section shall be delivered to the marshal of the proper district, to be dealt with according to law.

Sec. 4. That whenever in any State or part of a State the unlawful combinations named in the preceding section of this act shall be

organized and armed, and so numerous and powerful as to be able by violence to either overthrow or set at defiance the constituted authorities of such State, and of the United States within such State, or when the constituted authorities are in complicity with, or shall connive at the unlawful purposes of such powerful and armed combinations; and whenever, by reason of either or all of the causes aforesaid, the conviction of such offenders, and the preservation of the public safety shall become in such district impracticable, in every such case such combinations shall be deemed a rebellion against the government of the United States; and during the continuance of such rebellion, and within the limits of the district which shall be so under the sway thereof, such limits to be prescribed by proclamation, it shall be lawful for the President of the United States, when in his judgment the public safety shall require it, to suspend the privileges of the writ of habeas corpus, to the end that such rebellion may be overthrown: Provided, That all the provisions of the second section of an act entitled "An act relating to habeas corpus and regulating judicial proceedings in certain cases," approved March third, eighteen hundred and sixty-three, which relate to the discharge of prisoners other than prisoners of war, and to the penalty for refusing to obey the order of the court, shall be in full force so far as the same are applicable to the provisions of this section: Provided, further, That the President shall first have made proclamation as now provided by law, commanding such insurgents to disperse: And provided also, That the provisions of this section shall not be in force after the end of the next regular session of Congress.

~~Sec. 5. That nothing herein contained shall be construed to supersede or repeal any former act or law except so far as the same may be repugnant thereto; and any offences heretofore committed against the tenor of any former act shall be prosecuted, and any proceeding already commenced for the prosecution thereof shall be continued and completed, the~~

~~same as if this act had not been passed, except so far as the provisions of this act may go to sustain and validate such proceedings.~~

Sec. 5. That no person shall be a grand or petit juror in any court of the United States upon any inquiry, hearing, or trial of any suit, proceeding, or prosecution based upon or arising under the provisions of this act who shall, in the judgment of the court, be in complicity with any such combination or conspiracy; and every such juror shall before entering upon any such inquiry, hearing, or trial, take and subscribe an oath in open court that he has never, directly or indirectly, counselled, advised, or voluntarily aided any such combination or conspiracy; and each and every person who shall take this oath, and shall therein swear falsely, shall be guilty of perjury, and shall be subject to the pains and penalties declared against that crime; and the first section of the act entitled "An act defining additional causes of challenge and prescribing an additional oath for grand and petit jurors in the United States courts," approved June Seventeenth, Eighteen hundred and Sixty-two be, and the same is hereby, repealed.

Sec. 6 That any person or persons, having knowledge that any of the wrongs conspired to be done and mentioned in the second section of this act are about to be committed, and having power to prevent, or aid in preventing the same, shall neglect or refuse so to do, and such wrongful act shall be committed, such person or persons shall be liable to the person injured, or his legal representatives, for all damages caused by any such wrongful act which such first named person or persons by reasonable diligence could have prevented; and such damages may be recovered in an action on the case in the proper circuit court of the United States, and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in such action. Provided, That such action shall be commenced within one year after such cause of action shall have accrued; and if the death of any person shall be caused by any such wrongful act and neglect, the legal representatives of such deceased person shall have such action therefor, and may recover not exceeding five thousand dollars damages therein, for the benefit of the widow of such deceased person, if any there be, or if there be no widow, for the benefit of the next of kin of such deceased person.

Sec. 7 That nothing herein contained shall be construed to supersede or repeal any former act or law except so far as the same may be repugnant thereto; and any offences heretofore committed against the tenor of any former act shall be prosecuted, and any proceeding already commenced for the prosecution thereof shall be continued and completed, the same as if this act had not been passed, except so far as the provisions of this act may go to sustain and validate such proceedings.

J. G. Blaine
Speaker of the House of Representatives

Approved April 20th 1871
U. S. Grant

Henry B Anthony
President of the Senate pro tempore