# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADFORD SKINNER** | **CIVIL ACTION** |
| **VERSUS** | |
| **SID J GAUTREAUX, et al.** | **NO. 20-595-SDD-SDJ** |

## ORDER

Before the Court are the following two motions: (1) a Motion to Stay Discovery (R. Doc. 73) filed by Defendant Sheriff Sid J. Gautreaux, III, in his individual and official capacities; and (2) a Joint Motion to Continue Settlement Conference (R. Doc. 78) filed by all Parties. In his Motion, Sheriff Gautreaux seeks a stay of all discovery in this case pending a ruling on his Motion to Dismiss (R. Doc. 72), in which he asserts a defense of qualified immunity.[1] No oppositions to Sheriff Gautreaux's Motion have been filed, and the deadline for doing so has passed. Moreover, Plaintiff Bradford Skinner and Defendants Louisiana Workforce, L.L.C., and Luther Martin filed Notices stating they do not oppose Sheriff Gautreaux's Motion to Stay.[2] For the reasons set forth below, Sheriff Gautreaux's Motion to Stay is **granted**. Given the stay of discovery in this matter, the Parties' Joint Motion also is **granted**.

The Court turns first to Sheriff Gautreaux's Motion to Stay. Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which

---

[1] R. Doc. 73 at 1.
[2] R. Docs. 74 and 75.

contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit recently clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any* discovery. Our prior decisions to the contrary are overruled.

*Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022) (expressly overruling *Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) and its progeny). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and

complications caused by bifurcated discovery. *Carswell*, 37 F.4th at 1068-69. The Fifth Circuit also expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id.* at 1068.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. *Id.* It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Id.* (quoting *Iqbal*, 556 U.S. at 686).

Here, Sheriff Gautreaux has filed a Motion to Dismiss in response to Plaintiff's Third Amended Complaint, in which he asserts, *inter alia*, a defense of qualified immunity.[3] Based on clear Fifth Circuit precedent, the Court finds that discovery in this matter should be stayed until the pending Motion to Dismiss is resolved.

Turning now to the Joint Motion to Continue Settlement Conference, the Parties therein jointly move to continue the settlement conference currently scheduled for November 17, 2022. Per the Parties, "[i]n light of the newly-added claims [in Plaintiff's Third Amended Complaint]

---

[3] R. Doc. 72-1 at 13-16.

and the pending motions [to dismiss and to stay] in response, the parties agree that a settlement conference at this juncture is premature."[4] Based on the Parties' representations and in light of this Court's stay of discovery in this matter, the Court will continue the November 17, 2022 settlement conference.

Accordingly,

**IT IS ORDERED** that the Motion to Stay Discovery (R. Doc. 73), filed by Defendant Sheriff Sid J. Gautreaux, III, is **GRANTED**, and discovery is **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that upon a Ruling by the District Judge on Sheriff Gautreaux's pending Motion to Dismiss (R. Doc. 72), the Parties shall contact the undersigned as soon as possible for the issuance of a new Scheduling Order.

**IT IS FURTHER ORDERED** that the Parties' Joint Motion to Continue Settlement Conference (R. Doc. 78) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on November 7, 2022.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] R. Doc. 78 at 2.